**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SHENZHEN RUICHENXI TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>QUANZHOU YONGCHUN PINTUO TRADING CO., LTD., also known as quanzhouyongchunpintuomaoyiyouxiangongsi, d/b/a Wu qingquan,<br><br>Defendant. | Case No. 1:26-cv-2959<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Shenzhen Ruichenxi Technology Co., Ltd. ("Plaintiff") files this Complaint against Defendant Quanzhou Yongchun Pintuo Trading Co., Ltd., also known as quanzhouyongchunpintuomaoyiyouxiangongsi, d/b/a Wu qingquan ("Defendant"), and alleges as follows, on personal knowledge as to its own acts and on information and belief as to all other matters:

## NATURE OF THE ACTION

1. This is an action for infringement of U.S. Design Patent Nos. D1,012,250 (the "'250 Patent") and D1,016,252 (the "'252 Patent") (together, the "Asserted Patents") under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and for breach of contract.

2. Defendant sells, through its Amazon.com storefront "Wu qingquan," flexible downspout extension kits under the brand name "Rodnsurw" (the "Accused Products"). The adapters included in the Accused Products embody the designs claimed in the Asserted Patents. Beginning in January 2024, Defendant sold the Accused Products under a license from Plaintiff (the "License") and paid Plaintiff a royalty on each unit. Defendant made its last royalty payment

in or around September 2025 but continued to sell. In March 2026, Defendant's principal told Plaintiff that Defendant had obtained a patent of its own and would pay no further royalties, and the License terminated on March 12, 2026 (the "Termination Date"). Defendant owes Plaintiff the royalties that accrued before the Termination Date and remain unpaid, and Defendant's sales after the Termination Date infringe the Asserted Patents. Plaintiff brings this action to recover the unpaid royalties, to stop Defendant's infringement, and to recover the profits Defendant has made from it.

## THE PARTIES

3. Plaintiff Shenzhen Ruichenxi Technology Co., Ltd. is a company organized under the laws of the People's Republic of China, with its principal place of business in Shenzhen, Guangdong Province, China. Plaintiff designs, develops, and sells downspout extension products, including to customers in the United States.

4. Defendant Quanzhou Yongchun Pintuo Trading Co., Ltd. is a company organized under the laws of the People's Republic of China, with its principal place of business in China.

5. Defendant operates the Amazon.com storefront "Wu qingquan" (Seller ID AV255YL8KU0YQ), which identifies the seller as "quanzhouyongchunpintuomaoyiyouxiangongsi," the pinyin form of Defendant's Chinese name. Defendant sells the Accused Products to customers throughout the United States, including in this District, through that storefront.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has supplemental jurisdiction over Plaintiff's breach of contract claim under 28 U.S.C. § 1367(a). That claim arises from the same case or controversy as Plaintiff's patent claims, namely Defendant's sales of the Accused Products and the License under which Defendant made those sales until the Termination Date.

8. This Court has personal jurisdiction over Defendant. Defendant has purposefully directed its sales activities to Texas and this District by offering the Accused Products for sale to Texas residents through its interactive Amazon.com storefront, accepting payment in U.S. dollars, and offering delivery to Texas addresses through Amazon's fulfillment network. On September 23, 2026, for example, Plaintiff purchased an Accused Product from the Wu qingquan storefront for delivery to Austin, Texas, within this District. Plaintiff's patent claims arise out of and relate to these activities. Plaintiff's breach of contract claim arises from a common nucleus of operative facts with its patent claims, because the royalties at issue were calculated on Accused Products that Defendant shipped for sale in the United States. The Court therefore has personal jurisdiction over that claim as well. See *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194 (Fed. Cir. 2003).

9. In the alternative, to the extent Defendant is not subject to jurisdiction in the courts of general jurisdiction of any state, this Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's patent claims arise under federal law, and Defendant's contacts with the United States as a whole, including its nationwide sales of the Accused Products, make the exercise of jurisdiction consistent with the Constitution and laws of the United States.

10. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Defendant is not a resident of the United States and may be sued in any judicial district. *See In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

## **THE ASSERTED PATENTS**

11. The '250 Patent, titled "Downspout Extension," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on January 23, 2024, from U.S. Design Patent Application No. 29/880,940. A true and correct copy of the '250 Patent is attached as Exhibit A.

12. The '252 Patent, titled "Downspout Extension," was duly and legally issued by the USPTO on February 27, 2024, from U.S. Design Patent Application No. 29/880,937. A true and correct copy of the '252 Patent is attached as Exhibit B.

13. Plaintiff owns all right, title, and interest in and to each Asserted Patent by assignment from the named inventor, Xi Zhang, including the right to sue for and recover damages for past and future infringement. Each Asserted Patent issued to Plaintiff as the assignee of record, is in full force and effect, and is presumed valid under 35 U.S.C. § 282.

14. Each Asserted Patent claims the ornamental design for a downspout extension, as shown and described. The ’250 Patent claims the transition, collar, and ribbed connector of the larger adapter. The ’252 Patent claims the transition, collar, and ribbed connector of the smaller adapter. In both patents, the remaining portions of the article, including the rectangular body of each adapter and the corrugated pipe, are shown in broken lines and form no part of the claimed design. FIG. 1 of each Asserted Patent is reproduced below.

| **’250 Patent, FIG. 1** | **’252 Patent, FIG. 1** |
| --- | --- |
|   FIG. 1 |  FIG. 1 |

15. Plaintiff sells downspout extension products in the United States that embody the designs claimed in the Asserted Patents.

16. Plaintiff’s downspout extension products compete directly with the Accused Products on Amazon.com, in the same product category and for the same customers. Orders for

Plaintiff's downspout extension products from January through September 2026 declined significantly from the same period in 2025, with several of Plaintiff's principal listings down approximately 20 to 40 percent year over year. On information and belief, Defendant's continued sales of the Accused Products without paying royalties have contributed to that decline. The harm compounds: downspout extensions are durable products whose purchasers rarely buy another for years, and sales volume drives a listing's prominence in Amazon.com search results, so sales that Defendant captures make its listings more visible and Plaintiff's listings harder for customers to find.

**<u>DEFENDANT'S INFRINGING CONDUCT</u>**

17. The Accused Products are offered on Amazon.com under ASIN B0CGXHSBV7 and its variation ASINs B0CGXDQ9XM, B0CGX9TKSV, B0D4DS468V, B0D4DNB9NK, B0D4DYHDKS, and B0F8ZCS9Y4, which differ only in color and pack quantity. Each Accused Product includes two or three corrugated drainpipes and, for each drainpipe, a larger adapter and a smaller adapter.

18. Defendant's listing describes the Accused Products as extendable from 21 to 60 inches and instructs purchasers to attach the adapters to the drainpipe by turning and locking them in place. The listing states that the Accused Products ship from Amazon and are sold by "Wu qingquan." On information and belief, Defendant imports the Accused Products into the United States for sale through Amazon.

19. The Accused Products are sold in substantial volume. As of September 2026, Amazon.com reported more than 2,000 purchases of the Accused Products in the preceding month across the ASINs identified above.

**<u>THE LICENSE AND ITS TERMINATION</u>**

20. On or about January 29, 2024, Plaintiff granted Defendant the License: a license under Plaintiff's patents to sell the downspout extension products Defendant offers through the Wu qingquan storefront, in exchange for a royalty on each unit. The parties formed the License, and communicated about royalty payments under it, through WeChat. The License was not

exclusive. Plaintiff sells its own downspout extension products and has licensed other Amazon sellers.

21. The License covered the downspout extension products Defendant sold through the Wu qingquan storefront, which are the Accused Products.

22. The royalty was set per unit and depended on pack size: US$1.50 for each two-pack unit and US$2.00 for each three-pack unit, reduced by half each year from mid-October through mid-January. Royalties were calculated on the number of units of each pack size that Defendant shipped for sale through the Wu qingquan storefront, and Defendant paid them periodically.

23. From January 2024 through September 2025, Defendant paid Plaintiff royalties under the License totaling approximately RMB 450,200.

24. Defendant's payment in or around September 2025 was its last. Plaintiff ordinarily collected accrued royalties from Defendant about once a quarter. In or around December 2025, Plaintiff asked Defendant to pay the royalties that had accrued since its last payment, which came to slightly over RMB 10,000 because winter sales were slow and the reduced winter rates applied; Defendant did not pay. In or around March 2026, Plaintiff asked again, and Defendant did not respond. Throughout this period, Defendant continued to sell the Accused Products through the Wu qingquan storefront, and, on information and belief, the royalties due on the units it has shipped since its last payment remain unpaid.

25. Defendant's failure to pay the royalties due under the License, despite Plaintiff's repeated requests, was a material breach of the License. On March 12, 2026, a representative of Plaintiff telephoned Defendant's principal about the unpaid royalties. Defendant's principal refused to pay them, stated that Defendant had obtained a patent of its own and would pay Plaintiff no further royalties, and told Plaintiff to sue if it wished. Defendant thereby repudiated the License. Plaintiff has elected to treat the License as terminated as of that date, the Termination Date. Defendant has not paid the overdue royalties, before or since.

26. On information and belief, the patent to which Defendant's principal referred is U.S. Design Patent No. D1,018,797 (the "'797 Patent"), titled "Downspout Extension," which issued

on March 19, 2024 and names Defendant as the applicant. The ’797 Patent issued more than a year and a half before Defendant stopped paying royalties, and Defendant paid royalties on each unit it sold throughout that period. Three of Plaintiff’s related design patents, U.S. Design Patent Nos. D988,482, D988,483, and D997,309, are listed on the face of the ’797 Patent among the references cited. A patent confers only the right to exclude others. 35 U.S.C. § 154(a)(1). The ’797 Patent does not authorize Defendant to sell products embodying the designs claimed in the Asserted Patents, and it is no defense to this action. A copy of the ’797 Patent is attached as Exhibit D.

27. Defendant has continued to offer and sell the Accused Products through the Wu qingquan storefront after the Termination Date. Plaintiff has not licensed or otherwise authorized Defendant to practice the Asserted Patents after the Termination Date, and Defendant’s sales of the Accused Products since that date are without authorization.

28. Defendant is located in China. On information and belief, Defendant has no assets in the United States other than the proceeds of its sales on Amazon.com.

**COUNT I**

**(Infringement of U.S. Design Patent No. D1,012,250, 35 U.S.C. § 271)**

29. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

30. Since the Termination Date, Defendant has infringed and continues to infringe the ’250 Patent under 35 U.S.C. § 271(a) by offering to sell and selling the Accused Products within the United States, and importing them into the United States, without authorization.

31. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the corresponding portion of the larger adapter of the Accused Products is substantially the same as the design claimed in the ’250 Patent. Both present a flared transition extending from a rectangular body to a circular collar, followed by a short connector with continuous helical ribs, in substantially the same proportions. A comparison is shown below.

| **U.S. Design Patent No. D1,012,250, FIG. 19** | **Accused Product, Larger Adapter** |
|---|---|
|  FIG. 19 |   |

*Sources: '250 Patent, FIG. 19 (Exhibit A); Defendant's Amazon.com listing for ASIN B0CGXHSBV7 (Exhibit C). Product images cropped.*

32. Defendant's infringement has caused and will continue to cause Plaintiff irreparable harm, including lost sales of Plaintiff's own products, whose orders have declined as alleged above; harm to Plaintiff's licensing relationships, because Plaintiff's licensees pay royalties and must compete with Defendant's unlicensed sales; and loss of Plaintiff's right to decide who may sell products embodying the design claimed in the '250 Patent. Because Defendant is located in China, has not paid the royalties it owes despite Plaintiff's requests, and, on information and belief, has no assets in the United States other than the proceeds of its Amazon.com sales, Plaintiff may be unable to collect a money judgment against Defendant. Plaintiff has no adequate remedy at law.

33. Unless enjoined by this Court, Defendant will continue to infringe the '250 Patent. Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

34. Since the Termination Date, Defendant has, without Plaintiff's license, sold and exposed for sale articles of manufacture to which the design claimed in the '250 Patent, or a colorable imitation of it, has been applied. Defendant is therefore liable to Plaintiff to the extent of

its total profit under 35 U.S.C. § 289, but not less than $250. Alternatively, Plaintiff is entitled to damages under 35 U.S.C. § 284 adequate to compensate for the infringement, but in no event less than a reasonable royalty.

35. Defendant has known since the March 12, 2026 telephone call that it no longer has Plaintiff's permission to sell the Accused Products, and it has had notice of Plaintiff's charge of infringement of the '250 Patent at the latest upon service of this Complaint.

36. Defendant has at all relevant times known that Plaintiff holds patent rights covering the Accused Products, because Defendant sold those products under the License and paid Plaintiff a royalty on each unit. Defendant has continued to sell the Accused Products after the Termination Date, knowing that the License has ended, on the stated ground that its own patent permits it to sell them. It does not. Defendant's infringement is willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and supporting a finding that this case is exceptional under 35 U.S.C. § 285.

## COUNT II

## (Infringement of U.S. Design Patent No. D1,016,252, 35 U.S.C. § 271)

37. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

38. Since the Termination Date, Defendant has infringed and continues to infringe the '252 Patent under 35 U.S.C. § 271(a) by offering to sell and selling the Accused Products within the United States, and importing them into the United States, without authorization.

39. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the corresponding portion of the smaller adapter of the Accused Products is substantially the same as the design claimed in the '252 Patent. Both present a flared shoulder rising from a rectangular body to a circular collar, followed by a short connector with continuous helical ribs, in substantially the same proportions. A comparison is shown below.

| U.S. Design Patent No. D1,016,252, FIG. 17 | Accused Product, Smaller Adapter |
|---|---|
|  FIG. 17 |  |

*Sources: '252 Patent, FIG. 17 (Exhibit B); Defendant's Amazon.com listing for ASIN B0CGXHSBV7 (Exhibit C). Product images cropped.*

40. Defendant's infringement has caused and will continue to cause Plaintiff irreparable harm, including lost sales of Plaintiff's own products, whose orders have declined as alleged above; harm to Plaintiff's licensing relationships, because Plaintiff's licensees pay royalties and must compete with Defendant's unlicensed sales; and loss of Plaintiff's right to decide who may sell products embodying the design claimed in the '252 Patent. Because Defendant is located in China, has not paid the royalties it owes despite Plaintiff's requests, and, on information and belief, has no assets in the United States other than the proceeds of its Amazon.com sales, Plaintiff may be unable to collect a money judgment against Defendant. Plaintiff has no adequate remedy at law.

41. Unless enjoined by this Court, Defendant will continue to infringe the '252 Patent. Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

42. Since the Termination Date, Defendant has, without Plaintiff's license, sold and exposed for sale articles of manufacture to which the design claimed in the '252 Patent, or a colorable imitation of it, has been applied. Defendant is therefore liable to Plaintiff to the extent of its total profit under 35 U.S.C. § 289, but not less than $250. Alternatively, Plaintiff is entitled to

damages under 35 U.S.C. § 284 adequate to compensate for the infringement, but in no event less than a reasonable royalty.

43. Defendant has known since the March 12, 2026 telephone call that it no longer has Plaintiff's permission to sell the Accused Products, and it has had notice of Plaintiff's charge of infringement of the '252 Patent at the latest upon service of this Complaint.

44. Defendant has at all relevant times known that Plaintiff holds patent rights covering the Accused Products, because Defendant sold those products under the License and paid Plaintiff a royalty on each unit. Defendant has continued to sell the Accused Products after the Termination Date, knowing that the License has ended, on the stated ground that its own patent permits it to sell them. It does not. Defendant's infringement is willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and supporting a finding that this case is exceptional under 35 U.S.C. § 285.

## COUNT III

## (Breach of Contract)

45. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

46. The License is a valid and enforceable contract supported by mutual consideration. Plaintiff permitted Defendant to sell the Accused Products under Plaintiff's patents, and Defendant promised to pay Plaintiff the agreed royalty on each unit.

47. Plaintiff performed all of its obligations under the License.

48. Defendant materially breached the License by failing to pay the royalties that accrued under the License after Defendant's last payment in or around September 2025 and before the Termination Date, and by refusing on March 12, 2026 to pay them.

49. This cause of action seeks only royalties that accrued before the Termination Date. Plaintiff's claims based on Defendant's conduct after the Termination Date are set out in Counts I and II. In the alternative, if the License is found not to have terminated on the Termination Date, Defendant is liable under this cause of action for the royalties that have accrued, and continue to accrue, on its sales of the Accused Products since that date and that remain unpaid.

50. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be proven at trial, equal to the unpaid royalties calculated at the rates set out above, together with interest.

## DEMAND FOR JURY TRIAL

51. Under Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. A judgment that Defendant has infringed each of the Asserted Patents;

b. A preliminary and permanent injunction under 35 U.S.C. § 283 enjoining Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from infringing the Asserted Patents;

c. An order requiring Defendant to remove or disable all listings for the Accused Products on Amazon.com and any other online marketplace;

d. An order requiring Defendant to file with the Court and serve on Plaintiff, within thirty days after entry of the injunction, a written report under oath setting forth the manner in which Defendant has complied with it;

e. An award of Defendant's total profit under 35 U.S.C. § 289 or, alternatively, damages under 35 U.S.C. § 284, together with an accounting of any infringing sales not presented at trial;

f. An award of damages for breach of contract in an amount to be proven at trial, including all royalties that accrued under the License and remain unpaid;

g. A finding that Defendant's infringement has been willful and an award of enhanced damages under 35 U.S.C. § 284;

h. A finding that this case is exceptional and an award of reasonable attorneys' fees under 35 U.S.C. § 285;

i. Prejudgment and postjudgment interest and costs; and

j. Such other and further relief as the Court deems just and proper.

Dated: October 19, 2026

**Valley & Summit Law P.C.**

By: /s/ *Marjorie Ouyang*

Marjorie Ouyang, Esq. (CA SBN 314334)
One Park Plaza, Suite 600
Irvine, CA 92614
Tel: (949) 342 8013
E-Mail: Marjorie.ouyang@valleysummitlaw.com
*Attorney for Plaintiff*
*Shenzhen Ruichenxi Technology Co., Ltd.*

**INDEX OF EXHIBITS**

| | |
|---|---|
| Exhibit A | U.S. Design Patent No. D1,012,250 |
| Exhibit B | U.S. Design Patent No. D1,016,252 |
| Exhibit C | Defendant's Amazon.com listing |
| Exhibit D | U.S. Design Patent No. D1,018,797 |